UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>JEFFREY ARNOLD FLEETWOOD,<br><br>        Debtor. | Case No. A12-00113-GS<br><br>Chapter 7 |
| JANE DOE,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFFREY ARNOLD FLEETWOOD,<br><br>        Defendant. | Adv. No. A12-90012 GS |

**MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT**

Plaintiff Jane Doe was awarded $448,764.46 against the debtor, Jeffrey Fleetwood, in *Doe v. Fleetwood*, Case No. 3PA-02-949 CI (Superior Ct. Palmer), for sexual assault and intentional infliction of emotional distress. Fleetwood subsequently filed chapter 7, in part to discharge the judgment debt. Doe commenced this adversary proceeding to establish that her debt is non-dischargeable under 11 U.S.C. § 523(a)(6) because it resulted from willful and malicious injuries caused by Fleetwood. She has moved for summary judgment that Fleetwood's criminal conviction for sexual abuse and subsequent civil judgment establish the willful and malicious nature of her injuries. Fleetwood has filed a cross-motion for summary judgment. He argues that because he pled no contest to the criminal charges, and the civil judgment was based upon default, his liability was never actually litigated and collateral estoppel does not preclude him from litigating the underlying injury in this matter.

**Jurisdiction**

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This court has jurisdiction over the dispute in accordance with 28 U.S.C. § 1334(b) and the district court's order of reference.

**Facts**

On June 5, 2001, the Superior Court in Palmer, Alaska entered its *Judgment and Order of Commitment and Probation* in *State of Alaska v. Fleetwood*, Case No. 3PA S00-1584 CR (Superior Ct. Palmer), based upon Fleetwood's plea of no contest to charges of second degree sexual abuse of a minor under AS 11.41.436(a)(2).[1] A little more than a year later, Jane Doe, the victim of the criminal acts, sued Fleetwood in Palmer Superior Court for sexual assault and intentional infliction of emotional distress.[2] The state court complaint alleged that Fleetwood sexually molested Doe from 1997 through 2000, when she was between four and seven years of age.[3] Doe filed an *Application for Entry of Default* on September 18, 2002, for Fleetwood's failure to answer or otherwise defend against the complaint.[4] Default was entered on November 18, 2002.[5] The superior court

---

[1] *See Complaint*, filed Jun. 4, 2012 (Docket No. 1), Ex. A (Superior Court Judgment and Order of Commitment/Probation); *Def.'s Mot. for Summ. J.*, filed Sept. 29, 2013 (Docket No. 20), Ex. A (same). An offender commits sexual abuse under AS 11.41.436(a) if, being more than 16 years old, he engages in sexual conduct with a person under the age of 13, or aids, induces, causes or encourages a person under 13 years of age to engage in sexual conduct with another person.

[2] *See Complaint* (Docket No. 1), Ex. B (Complaint in Case No. 3PA-02-949 CI); *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. B (same). The lawsuit was actually brought by Doe's mother, individually and as parent and guardian of Doe. The mother also asserted separate claims which are not at issue in this case. In the state court case the mother was referred to as Jane Doe, and the plaintiff in this action was referred to as Mary Doe. In this *Memorandum Decision*, all references to Doe are to the minor child.

[3] *Id.* at 2.

[4] *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. C.

[5] *Id.,* Ex. D.

2

subsequently scheduled a default judgment hearing for February 10, 2003, to determine the plaintiffs' damages.[6]

Fleetwood appeared through counsel at the default judgment hearing, and moved to set aside the default. He argued that Doe's claims could not be substantiated, and that the damages sought were excessive.[7] Doe opposed the motion, but proposed that Fleetwood participate in the damages hearing.[8] The superior court issued a *Notice of Intent* on May 20, 2003, advising the parties that it intended to deny the motion to set aside the default, but inviting further briefing.[9] Fleetwood filed a response, and explained that, "[w]hile Defendant admitted to facts supporting his conviction in criminal case 3PA-S00-1584 CR he has not admitted to being the cause of all of the [mother's] and [Doe's] trauma or other problems nor has he admitted to liability for all damages claimed by the Plaintiff."[10] He argued that he had a meritorious defense, because the mother's lifestyle and actions significantly contributed to Doe's problems, and that a "trial on the issue of liability for damages . . . as well as on the issue of the amount of compensatory and punitive damages" would provide a different outcome than what would be awarded to Doe in a default judgment.[11] Based upon Fleetwood's response, the court granted his *Motion to Set Aside Entry of Default,* stating:

> The court hereby GRANTS the defendant's motion to set aside the default judgment. It is the court's understanding that the defendant acknowledges that he is liable for some of the

---

[6] *Id.,* Ex. E.

[7] *Pl.'s Opp'n to Mot. for Summ. J.,* filed Oct. 23, 2012 (Docket No. 22), Ex. D.

[8] *Id.*, Ex. E.

[9] *Id.*, Ex. F.

[10] *Id.*, Ex. G at 2.

[11] *Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. G at 3.

3

> psychological damage to the minor child. The issue to be litigated is the amount of damage for which defendant will be responsible. This claim may be litigated through a trial of comparative negligence issues and/or a damages trial.[12]

The court directed Fleetwood to file an answer to the complaint within 20 days or again be subject to default. Fleetwood, through counsel, filed his answer denying all claims and liability, including the underlying sexual assaults.[13]

On February 25, 2010, the superior court held a contested hearing "on the issue of damages and as a final default judgment hearing on the issue of liability."[14] Fleetwood represented himself at this hearing, appearing telephonically at his request. Doe, her mother, and her treating counselor appeared in person and testified in support of Doe's claims.[15]

On September 7, 2010, the superior court entered its *Findings of Fact and Conclusions of Law*. The court specifically found by clear and convincing evidence that Fleetwood "did sexually assault [Doe] a minimum of 30 times over a period of 2 years."[16] Additionally, the court found, also by clear and convincing evidence, that Fleetwood's wrongful acts were done intentionally and with reckless disregard for Doe's welfare. In its conclusions of law, the court explained that it would disregard Fleetwood's *Answer*, which denied all liability, because of its previous ruling "that default

---

[12] *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. F; *Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. I (same).

[13] *Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. J.

[14] *Pl.'s Notice of Filing Corrected Ex.,* filed Oct. 23, 2013 (Docket No. 23), Ex. M (Proposed Findings of Fact and Conclusions of Law), at 1; *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. G (same).

[15] *Id*. at 4.

[16] *Id*. at 2. The court inserted "a minimum of 30 times" and the time period of "2" years in the proposed findings submitted by Doe.

4

was set aside as to defendant's standing to contest the amount of damages, but that as to liability the entry of default would stand."[17] Yet, the court proceeded to determine that clear and convincing evidence supported the claims for sexual assault, battery, and intentional infliction of emotional distress. The court also awarded punitive damages based upon its finding that Fleetwood's acts "were done intentionally and with reckless disregard for her welfare."[18]

On June 15, 2011, the superior court entered its *Amended Final Judgment* awarding Doe the principal amount of $311,300.00, plus $62,986.80 in prejudgment interest, $60,000.00 in punitive damages, attorney fees of $44,161.00, and costs in the amount of $316.66, for a subtotal amount of $478,764.46.[19] The court subtracted $30,000.00 of the judgment as the state's share of the punitive damage award under Alaska law, leaving Doe with a total judgment of $448,764.46, accruing post-judgment interest at the rate of 3.5% per annum. Fleetwood did not appeal the judgment. He filed his *Chapter 7 Petition* on February 27, 2012. On *Schedule F*, he listed the judgment as a disputed, general unsecured debt.

**Analysis**

Doe timely filed her adversary complaint to except Fleetwood's liability from discharge under 11 U.S.C. § 523(a)(6), which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."[20] To prevail, the burden is on Doe to establish both the willfulness and maliciousness of her injury. Doe relies upon Fleetwood's

---

[17] *Id.* at 4.

[18] *Id.* at 5.

[19] *Complaint* (Docket No. 1), Ex. C (Am. Final J.); *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. H (same).

[20] 11 U.S.C. § 523(a)(6).

5

state court conviction for sexual abuse and the subsequent civil judgment to establish that she was willfully and maliciously injured. Fleetwood argues that his liability for Doe's injuries has never been litigated because he pled no contest to the criminal charges, and the civil judgment on this point was based upon entry of default. This court must, therefore, determine the preclusive effect to be given to Fleetwood's conviction and the subsequent civil judgment.

### A. Alaska's Collateral Estoppel Principles Apply.

"Principles of collateral estoppel apply to proceedings seeking exceptions from discharge under 11 U.S.C. § 523(a)."[21] The preclusive effect to be given to a prior state court judgment is governed by the law of the state in which that judgment was entered.[22] Alaska law, therefore, determines the preclusive effect of Fleetwood's conviction and the civil judgment. Alaska requires four elements to establish collateral estoppel:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[23]

Fleetwood does not deny that both the parties and the issue, the sexual assaults, are the same. Nor does he contest that the criminal and civil cases have been finally adjudicated and that the sexual assaults were essential to the final judgment. Instead, he challenges the third element, which

---

[21] *Baldwin v. Kilpatrick (In re Baldwin)*, 249 F.3d 912, 917 (9th Cir. 2001)(citations omitted).

[22] *Id.*

[23] *Latham v. Palin*, 251 P.3d 341, 344 (Alaska 2011).

6

incorporates the requirement that the issue be "actually litigated."[24] He argues that his liability for the sexual assaults was not decided on the merits in either state proceeding because he pled no contest to the criminal charges, and the civil judgment was based upon entry of default. An issue is actually litigated when it "is properly raised by the pleadings or otherwise, is submitted for determination, and is determined."[25]

### B. Alaska Law Collaterally Estops Fleetwood From Relitigating the Necessary Elements of his Conviction Despite the Plea of No Contest.

#### 1. The Criminal Conviction.

Criminal convictions generally estop the defendant from relitigating matters essential to the verdict in a later civil litigation.[26] Fleetwood does not challenge this general rule of law. Rather, he argues that because his criminal conviction was based upon a plea of no contest there was never a judgment on the merits and collateral estoppel cannot apply. Most courts agree, reasoning that pleas of no contest, or *nolo contendere*, do not support collateral estoppel because the criminal acts are not actually litigated.[27] This is because "the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and

---

[24] *In re Adoption of A.F.M.,* 15 P.3d 258, 268 n.46 (Alaska 2001). In *Adoption of A.F.M.,* the Alaska Supreme Court held that collateral estoppel "bars relitigation, even in an action on a different claim, of all issues of fact or law that were actually litigated and necessarily decided in [a] prior proceeding." *Id*. at 268.

[25] *Id.*

[26] *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568 (1951).

[27] *Doe v. Martinez (In re Martinez),* 2012 WL 1641926 *7 n.7 (Bankr. D.N.M. May 10, 2012) (collecting cases).

7

a prayer for leniency."[28] Unlike guilty pleas in most jurisdictions, there is no requirement that the court determine whether a factual basis exists for a plea of no contest.[29]

Alaska, however, treats no contest pleas significantly differently from other jurisdictions or from federal law.[30] Unlike federal law, where the trial judge has the discretion to reject a no contest plea, a criminal defendant in Alaska may plead no contest as a matter of right.[31] As a consequence, "guilty pleas are virtually non-existent in Alaska,"[32] and a no contest plea "is for nearly all purposes the equivalent of a guilty plea."[33] Based on these differences, in 1995 the Alaska Supreme Court held, in *Burcina v. City of Ketchikan*, "that a civil *plaintiff* is collaterally estopped from relitigating any element of a criminal charge to which he has pled nolo contendre."[34] In 2006, in *Lamb v. Anderson,* the Court extended the preclusive effect of a conviction based upon a plea of no contest to include civil defendants, such as Fleetwood:

> We now extend this line of cases to apply to civil defendants. We hold that a conviction based on a no contest plea will collaterally estop the criminal defendant from denying any element in a subsequent civil action against him that was necessarily established by the conviction, as long as the prior conviction was for a serious

---

[28] *North Carolina v. Alford*, 400 U.S. 25, 35-36, n.8 (1970).

[29] *Id*.

[30] The differences are described in *Pletnikoff v. Johnson,* 765 P.2d 973, 979-80 (Alaska 1988) (Matthews, J. dissenting).

[31] *Pletnikoff*, 980-81.

[32] *Id.* n.2.

[33] *Lamb v. Anderson*, 147 P.3d 736, 740-741 (Alaska 2006).

[34] 902 P.2d 817, 822 (Alaska 1995) (emphasis added).

8

>criminal offense and the defendant in fact had the opportunity for a full and fair hearing.[35]

Fleetwood's conviction satisfies this standard. Sexual abuse of a minor under AS 11.41.436(a)(2) is a class B felony, and all felonies are considered serious criminal offenses for the purpose of collateral estoppel.[36] Fleetwood was represented by counsel in the criminal case, giving him the opportunity for a full and fair hearing.[37] Fleetwood argues, however, that his conviction cannot be given collateral estoppel effect because when he entered his plea in 2001 he was unaware that his resulting conviction could be used against him in a civil proceeding. Because the Alaska Supreme Court did not extend preclusive effect to pleas of no contest to civil defendants until 2006 when it decided *Lamb*, Fleetwood argues it cannot be applied retroactively to him.

The Alaska Supreme Court addressed this exact issue in *Wilson v. MacDonald*,[38] where a civil defendant pled no contest to criminal assault charges well before *Lamb* was decided. In the subsequent civil action arising from the assault, the superior court held, based upon *Burcina*, that the conviction collaterally estopped the defendant from denying the assault. The Alaska Supreme Court decided *Lamb* between the superior court's decision and the defendant's appeal. The defendant argued that when he pled no contest, he was unaware of the civil liability consequences of his plea. The Court stated:

---

[35] *Lamb v. Anderson* 147 P.3d 736, 742 (Alaska 2006).

[36] AS 11.41.436(b); *Lamb,* 147 P.3d at 744.

[37] *Moore v. Peak Oilfield Service Co.,* 175 P.3d 1278, 1280 (Alaska 2008)(criminal defendant had opportunity for full and fair hearing on his criminal charge where he was represented by a public defender when he entered his plea).

[38] 168 P.3d 887 (Alaska 2007).

9

> [T]he question of whether a defendant is aware of all of the relevant consequences of his or her plea is a question as to whether the plea itself was knowing and voluntary. Since this is a question as to the validity of the plea itself, it should be resolved through a motion for post-conviction relief or appeal in the criminal case. With respect to his civil case, so long as his plea stands he is collaterally estopped from relitigating any elements of the crime for which he was charged.[39]

The court further noted that, if a defendant successfully withdrew a no contest plea in the criminal case, he could then seek relief from a civil judgment rendered on collateral estoppel grounds under Civil Rule 60(b).[40] Until such time, collateral estoppel would apply to a conviction based upon a no contest plea, even if an appeal was pending.[41]

Fleetwood has not sought to set aside his no contest plea in the criminal case. His conviction for sexual abuse of a minor in the second degree, therefore, stands. Under *Lamb*, Fleetwood is collaterally estopped from denying that he sexually abused Doe, even though his conviction resulted from a plea of no contest.

### 2. The Civil Judgment.

Doe contends that her civil judgment in *Doe v. Fleetwood* also establishes that Fleetwood sexually abused her. She points to the superior court's finding of fact that Fleetwood "did sexually assault [Doe] a minimum of 30 times over a period of 2 years."[42] Fleetwood again argues that the underlying tort claims were never actually litigated because the judgment is based upon his default.

---

[39] *Id.* at 889.

[40] *Id.*, n.12.

[41] *Id.*

[42] *Pl.'s Notice of Filing Corrected Exhibits* (Docket No. 23), Ex. M (Proposed Findings of Fact and Conclusions of Law), at 2; *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. G at 2 (same).

10

A majority of courts, including Alaska, have held "that default judgments should not be given any issue-preclusive effect, because they do not entail a full and actual litigation of the underlying factual issues."[43] A closer examination of the record, however, shows that the judgment at issue here is not truly one for default. Although the superior court entered default, it also set it aside on Fleetwood's request. The record does reflect some confusion regarding the scope and effect of the superior court's *Order* setting aside the default.[44] Doe's *Trial Brief* recognized this confusion, but nonetheless advised the superior court, and Fleetwood, that "Plaintiff will seek to prove that defendant sexually molested the minor child on multiple occasions."[45]

Fleetwood participated in the trial, where Doe testified, together with her mother, and counselor. Based upon the evidence presented, the court not only found that Fleetwood abused Doe "a minimum of 30 times over a period of 2 years," but that this was established by clear and convincing evidence.[46] The court also found that defendant's wrongful acts were done intentionally and with reckless disregard for Doe's welfare.[47] It concluded, again based on clear and convincing evidence, that Fleetwood should be held liable for the tort of sexual assault and battery against Doe,

---

[43] *Wall v. Stinson,* 983 P.2d 736, 740 (Alaska 1999); *see also Restatement (Second) of Judgments*, § 27 cmt. e (1982).

[44] The *Order* granted Fleetwood's motion to set aside the default, but assumed that the only matters to be tried were the amount of damages and comparative negligence. *Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. I. However, Fleetwood denied both liability and damages in his *Answer. Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. J.

[45] *Pl.'s Opp'n to Mot for Summ. J.* (Docket No. 22), Ex. L at 2.

[46] Pl.'s *Not. of Filing Corrected Exhibits* (Docket No. 23), Ex. M (Proposed Findings of Fact and Conclusions of Law), at 2; *Def.'s Mot. for Summ. J.* (Docket No. 20), Ex. G at 2 (same).

[47] *Id*. at 2.

11

as well as the tort of intentional infliction of emotional distress.[48] On these claims, Doe was awarded compensatory damages, as well as $60,000.00 in punitive damages, attorney fees of $44,161.00, and costs in the amount of $316.66.

As noted above, this court must look to the state court pleadings, what issues were submitted to that court, and what issues were determined by that court, to see if the sexual assault was actually and necessarily litigated for purposes of collateral estoppel.[49] While the superior court entered default against Fleetwood on the issue of liability, it was incumbent upon Doe to prove the sexual assaults for purposes of establishing her damages. In particular, to recover punitive damages she was required to prove that Fleetwood's conduct was outrageous, which may be proven by demonstrating that the underlying actions were done with malice or bad motives, or with reckless indifference to her interests.[50] Additionally, Alaska law required that she prove this by clear and convincing evidence.[51]

Doe has not included any of the underlying testimony presented to the superior court during the damages trial. Instead, she relies upon the court's specific factual finding that Fleetwood sexually assaulted her at least 30 times over a two year period. This factual finding alone demonstrates that the underlying conduct was actually and necessarily litigated as part of the damages case. The superior court's findings that these acts were intentional *and* done with reckless disregard for Doe's rights, and that Doe's causes of action were established by clear and convincing

---

[48] *Id.* at 4.

[49] *Adoption of A.F.M.*, 15 P.3d at 268.

[50] AS 09.17.020(b).

[51] *Id.*

12

evidence, further supports this conclusion. These findings were made by the state court as a result of an evidentiary hearing at which Fleetwood participated, and were necessary to the award of compensatory and punitive damages. Having been actually and necessarily litigated in the civil case, Doe has established all the elements required under Alaska law to use that judgment to collaterally estop Fleetwood from denying the sexual assaults in this proceeding.

### C. Doe's Judgment is Nondischargeable as a Debt for Willful and Malicious Injury.

Having established that her damages arise from Fleetwood's sexual abuse, the question remains whether they represent debts for willful and malicious injuries. The parties have focused their attention on the preclusive effect of the conviction and civil judgment in apparent recognition that damages for sexual abuse, particularly to a minor, necessarily arise from willful and malicious injuries. To establish a willful injury Doe must prove that Fleetwood had "a subjective motive to inflict injury" or "believes that injury is substantially certain to result from his own conduct."[52] It is not enough to show that he intended the act that resulted in injury; rather, she must prove a deliberate or intentional *injury*.[53] For this reason, debts for injuries resulting from negligent or reckless acts are not excepted from discharge under § 523(a)(6).[54] However, Fleetwood "is charged with the knowledge of the natural consequences of his actions."[55] Where the damages arise from sexual abuse, willfulness is apparent because the subjective motive to inflict harm "is self evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because

---

[52] *Ormsby v. First Am. Title Co of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010)(citing *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002)).

[53] *Kawaauhau v. Geiger*, 523, U.S. 57, 61 (1998).

[54] *Id*. at 64.

[55] *Ormsby*, 591 F.3d at 1206.

13

he should know and therefore the intent is inferred as a matter of law."[56] Such inference flows from the "generally accepted conception of harm as being inherent in the act of sexually abusing a child."[57]

Doe must also prove a malicious injury, defined as one involving, "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."[58] Again, the nature of the wrongful act necessarily establishes malice because sexual abuse of a minor is inherently an intentional, wrongful act which unquestionably causes damage.[59] Nor can there be any cause or excuse for sexual abuse. Moreover, the Ninth Circuit has instructed that malice may be inferred from a wrongful act if it is established that the act was willful.[60] Doe has established that the damages awarded to her, based on Fleetwood's sexual abuse, are for willful and malicious injuries. Such damages will be excepted from Fleetwood's discharge under § 523(a)(6).

### D. The Entirety of the Judgment is Excepted from Discharge.

Finally, Fleetwood attempts to limit the amount of the nondischargeable debt by arguing that, even if the principal damages are excepted from discharge, the statute does not extend to the award of attorney fees, costs, and punitive damages. Section 523(a) excepts from discharge "any debt for"

---

[56] *Hoult v. Hoult (In re Hoult)*, 243 BR 818, 823 (Bankr. M.D. Fla. 1999)(quoting *In re Halverson*, 226 BR 22, 27 (Bankr. D. Minn. 1998))

[57] *Allstate Ins. Co. v. Mugavero,* 589 N.E.2d 365, 369 (N.Y. 1992), cited with approval in *Kim v. National Indem. Co.,* 6 P.3d 264, 268 n.12 (Alaska 2000), *overruled on other grounds by Shaw v. State Farm Mut. Automobile Ins. Co.,* 19 P.3d 588, 591 (Alaska 2001). *See also Pettey v. Belanger ex rel. Belanger*, 232 B.R. 543, 547 (D. Mass. 1999); *Ridley v. Holt (In re Holt)*, 310 BR 675, 684 (Bankr. N.D. Tex. 2004) ("An intent to have the offensive contact of a sexual assault necessarily includes an objective substantial certainty of causing harm.").

[58] *Ormsby*, 591 F.3d at 1207 (citing *Petralta v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001); *see also Van Zandt v. Mbunda (In re Mbunda),* 484 BR 344, 358 (B.A.P. 9th Cir. 2012).

[59] *Ormsby*, 591 F.3d at 1207; *Thiara v. Spycher Bros. (In re Thiara)*, 285 BR 420, 434 (B.A.P. 9th Cir. 2002).

[60] *Id.*

certain enumerated categories of liability, including any debt "for willful and malicious injury by the debtor to another entity"[61] The Supreme Court rejected a restrictive reading of the phrase "debt for" as used within § 523(a) in *Cohen v. de la Cruz*.[62] There, creditors held refund claims for fraudulently obtained rent payments. The creditors were awarded punitive damages in the form of treble damages, as well as attorney fees and costs under the applicable state statute. The bankruptcy court held that all the obligations, including the punitive damages, attorney fees, and costs, arose out of the fraudulent conduct, and were nondischargeable under 11 U.S.C. § 523(a)(2).[63] Noting that the phrase "debt for" applied to all of the exceptions in § 523(a), the Supreme Court construed it "to mean 'debt as a result of,' 'debt with respect to,' 'debt by reason of' and the like."[64] Based upon the language and structure of the statute, the history of the fraud exception, and the policy underlying exceptions to discharge, the Court held that, "'any debt . . . for money, property, services, or . . . credit, to the extent obtained by' fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor."[65]

Courts have applied *Cohen* to discharge challenges under § 523(a)(6), explaining that, "[t]hroughout section 523(a), the term 'debt for,' as found in 'debt for willful and malicious injury,' in section 523(a)(6), refers to any debt incurred as a result of that injury and does not limit the

---

[61] 11 U.S.C. § 523(a)(6) (emphasis added).

[62] 523 U.S. 213, 218-20 (1998).

[63] *Id*. at 216.

[64] *Id*. at 220.

[65] *Id*. at 223.

15

nondischargeable debt to liability for the injury."[66] The entirety of Doe's judgment arises from Fleetwood's sexual abuse. All portions of that judgment were therefore incurred as a result of that injury. Doe's total judgment, including punitive damages, attorney fees, and costs, is excepted from discharge under § 523(a)(6).

## Conclusion

Under applicable Alaska law, Fleetwood's criminal conviction, and subsequent civil judgment, preclude him from denying that he sexually abused Doe when she was a minor. The injuries resulting from that sexual abuse are necessarily willful and malicious within the meaning of 11 U.S.C. § 523(a)(6). Therefore, Doe's subsequent state court judgment, representing damages resulting from those willful and malicious injuries, is nondischargeable under that section. Summary judgment will be entered in favor of Doe, and Fleetwood's cross-motion for summary judgment will be denied.

An *Order* and *Judgment* will be entered consistent with this *Memorandum Decision*.

DATED: May 17, 2013.

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: B. Whipple (for plaintiff)
D. Austin (for defendant)

---

[66] *Suarez v. Barrett (In re Suarez),* 400 BR 732, 738 (B.A.P. 9th Cir. 2009) (collecting cases); *Muegler v. Bening*, 413 F.3d 980, 984 (9th Cir. 2005) (citing *In re Adams*, 761 F.2d 1422, 1428 (9th Cir. 1985); *Star's Edge, Inc. v. Braun (In re Braun),* 327 BR 447, 452 (Bankr. N.D. Cal 2005).